SMITH v ROBEY

MENTAL HEALTH—AUTOMATIC COMMITMENT STATUTE—ACQUITTAL BY
REASON OF INSANITY—TEMPORARY DETENTION—CASE LAW—
PROSPECTIVITY.

A Supreme Court case, which held that a person committed to
the Department of Mental Health pursuant to statute upon
being acquitted of a crime by reason of insanity may be held
for observation and examination for 60 days and upon comple-
tion notice and hearing must follow forthwith or the person
shall be discharged, has prospective effect only, but applies to a
person who had been committed for more than 60 days at the
time of the decision, and such a person shall be given examina-
tion and observation within 60 days from the date of that
decision and thereupon noticed for hearing within the next 10
days or discharged; however, where the pendency of the action
has delayed proper disposition the prosecutor or other proper
party may have 20 days from the date of the Court of Appeals
decision in which to take commitment action in the probate
court (MCLA 767.27b).

Original action in the Court of Appeals and
appeal from Washtenaw, Ross W. Campbell, J.
Submitted Division 2 October 8, 1974, at Lansing.
(Docket No. 19877.) Decided January 9, 1975.

Complaint by Oliver Smith against Ames Robey,
Director of the Center for Forensic Psychiatry, for
mandamus ordering the defendant to release all

REFERENCES FOR POINTS IN HEADNOTE

21 Am Jur 2d, Criminal Law §§ 63, 68, 69, 72.

Release of one committed to institution as consequence of acquittal
of crime on ground of insanity. 95 ALR2d 54.

Validity and construction of statutes providing for psychiatric
examination of accused to determine mental condition. 32 ALR2d
434.

Investigation of present sanity to determine whether accused
should be put, or continue, on trial. 142 ALR 961.

similarly confined persons who have not been adjudged mentally ill and for habeas corpus. Defendant's release had been denied by the Circuit Court in a previous habeas corpus action. Relief conditionally granted, the order of the Circuit Court reversed, and remanded for further proceedings.

*Hays & Goldstein, P. C.,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Milton I. Firestone* and *Thomas R. Wheeker,* Assistants Attorney General, for defendant.

Before: QUINN, P. J., and BASHARA and VAN VALKENBURG,* JJ.

PER CURIAM, The plaintiff was found not guilty of armed robbery by reason of insanity and committed to the Department of Mental Health pursuant to MCLA 767.27b; MSA 28.966(12). Subsequently, the plaintiff brought this action seeking to maintain a class action for a writ of mandamus ordering the defendant to release all confined persons who have not been adjudged mentally ill. The plaintiff also sought habeas corpus for his own release. The circuit court denied relief.

The Supreme Court's decision in *People v McQuillan,* 392 Mich 511; 221 NW2d 569 (1974), controls this case. In that case it was held that a person committed under the automatic commitment statute could be held for 60 days for examination and observation and that after this period a hearing must follow forthwith. It would appear that the plaintiff is one of those covered by the

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

statement of the Court at page 547 where it was said:

"The ruling as to such automatic commitment procedures is to have prospective effect only. Except that any already similarly detained for more than 60 days without examination and observation shall be given examination and observation within the 60 days from the date of this opinion and thereupon noticed for hearing within the next 10 days or discharged. The ruling as to release procedures applies immediately to all those automatically committed under MCLA 767.27b."

The order of the circuit court must be reversed. However, because the proper disposition of this case may have been delayed by the pendency of this action we deem it appropriate to duplicate the action of the Supreme Court in *McQuillan*. The prosecutor, or other proper party, may have 20 days from the date of this decision to take commitment action in the probate court. If this is not done, or if the prosecutor indicates that he will not take such action, the defendant shall be discharged.

Reversed and remanded.